*Filed in open cart*
*FMT 10/17/07*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,              )
                                       )
         v.                            )
                                       )  Criminal Action No. 07-77-SLR
CLARENCE LEWIS,                        )
                                       )
                 Defendant.            )

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Lesley F. Wolf, Assistant United States Attorney for the District of Delaware, and the defendant, Clarence Lewis, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1.     The defendant agrees to plead guilty to Count One of the Indictment charging him with failure to register as a sex offender, in violation of Title 18, United States Code, Section 2250(a), which carries a maximum sentence of a term of imprisonment of ten years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

2.     The defendant understands that if there were a trial, the Government would have to prove three elements of the offense: (1) the defendant is a person required to register under the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16901 et seq. ("SORNA"); (2) who traveled in interstate commerce subsequent to his conviction for a sex offense, to wit a conviction on August 19, 1996, in the state of New Jersey for Aggravated Sexual Assault; and (3) knowingly failed to register and update a registration as required by SORNA. The defendants admits that: (1) he was convicted on August 19, 1996, in the state of New Jersey, of Aggravated Sexual Assault, and was therefore required to register under SORNA; (2) subsequent

to this conviction, he traveled from the state of Pennsylvania to reside in the District of Delaware; and (3) knowing that he was required to register, failed to do so.

3.      The defendant agrees to pay the $100 special assessment at the time of sentencing.

4.      Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility. The Government will move for an additional one-point reduction, if the defendant qualifies for such a decrease under United States Sentencing Guideline Section 3E1.1(b).

5.      The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6.      The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

7.      It is further agreed by the parties that this Memorandum supersedes all prior

2

promises, representations, and statements of the undersigned parties; that this Memorandum may be

modified only in writing signed by all the parties; and that any and all promises, representations and

statements made prior to or after this Memorandum are null and void and have no effect whatsoever,

unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

BY: _____

_____
Clarence Lewis
Defendant

Lesley F. Wolf
Assistant United States Attorney

_____
Eleni Kousoulis, Esquire
Attorney for Defendant

Dated: 10-17-07

**AND NOW,** this 17th day of October, 2007, the foregoing Memorandum of

Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Sue L. Robinson
United States District Court Judge